**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL WYNN, | No. 2:21-CV-1317-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| B. MOSS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) B. Moss, a Correctional Officer at high Desert State Prison (HDSP); (2) L. Mundy, a Correctional Officer at HDSP; and (3) J. Pickett, the Chief Deputy Warden at HDSP.  See ECF No. 1, pg. 3.

In his first claim, Plaintiff states that, on February 21, 2021, he saw Defendant Moss removed his face mask and "spit a glob of chewing tobacco spit into a garbage can filled with I/M [inmate] lunches."  Id.  According to Plaintiff, Defendant Mundy witnessed this and still proceeded to hand out the lunches, giving one of them to Plaintiff.  See id.  Plaintiff alleges that, despite Plaintiff's complaints about potential contamination, Defendant Mundy continued passing out the inmate lunches.  See id. at 3-4.  Plaintiff states that, a short time later, Defendant Mundy "came back and handed me and my cellie two more lunches and said, 'Don't shoot the messenger.'"  Id. at 4.  Plaintiff states that Mundy also stated: "I wouldn't have did no jackass shit like that."  Id.  Plaintiff claims that, as a result of the foregoing, he remains in fear of eating any food at the prison.  See id.

In his second claim, Plaintiff states he submitted a grievance on March 2, 2021, regarding the conduct of Defendants Moss and Mundy.  See id.  According to Plaintiff, the grievance was processed by Defendant Pickett who allegedly "elected to disregard the overwhelming amount of evidence against Defendants B. Moss and L. Mundy, and instead chose to attempt to cover-up the malicious acts of abovementioned Defendants by disapproving the Plaintiff's appeal."  Id.

///

///

## II. DISCUSSION

The Court finds that Plaintiff has stated a cognizable Eighth Amendment claim against Defendants Moss and Mundy based on Defendants' alleged disregard for Plaintiff's health by spitting on food provided to Plaintiff. Plaintiff has not, however, stated a cognizable claim against Defendant Pickett based on processing of his inmate grievance.

Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

Plaintiff will be afforded leave to amend Plaintiff's claim against Defendant Pickett, should there be any basis for stating a cognizable claim against that Defendant.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: August 25, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE