# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL WYNN,<br><br>   Plaintiff,<br><br>   v.<br><br>B. MOSS, et al.,<br><br>   Defendants. | No. 2:21-CV-1317-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On August 25, 2021, the Court issued an order addressing the sufficiency of Plaintiff's complaint. See ECF No. 10. The Court summarized Plaintiff's allegations as follows:

> Plaintiff names the following as defendants: (1) B. Moss, a Correctional Officer at high Desert State Prison (HDSP); (2) L. Mundy, a Correctional Officer at HDSP; and (3) J. Pickett, the Chief Deputy Warden at HDSP. See ECF No. 1, pg. 3.
> In his first claim, Plaintiff states that, on February 21, 2021, he saw Defendant Moss removed his face mask and "spit a glob of chewing tobacco spit into a garbage can filled with I/M [inmate] lunches." Id. According to Plaintiff, Defendant Mundy witnessed this and still proceeded to hand out the lunches, giving one of them to Plaintiff. See id. Plaintiff alleges that, despite Plaintiff's complaints about potential contamination, Defendant Mundy continued passing out the inmate lunches. See id. at 3-4. Plaintiff states that, a short time later, Defendant Mundy "came back and handed me and my cellie two more lunches and said, 'Don't shoot the messenger.'" Id. at 4. Plaintiff states that Mundy also stated: "I wouldn't have did no jackass shit like that." Id. Plaintiff

1

claims that, as a result of the foregoing, he remains in fear of eating any food at the prison.  See id.

In his second claim, Plaintiff states he submitted a grievance on March 2, 2021, regarding the conduct of Defendants Moss and Mundy.  See id.  According to Plaintiff, the grievance was processed by Defendant Pickett who allegedly "elected to disregard the overwhelming amount of evidence against Defendants B. Moss and L. Mundy, and instead chose to attempt to cover-up the malicious acts of abovementioned Defendants by disapproving the Plaintiff's appeal."  Id.

ECF No. 10, pg. 2.

The Court determined Plaintiff states a cognizable Eighth Amendment claims against Defendants Moss and Mundy based on Defendants' alleged disregard for Plaintiff's health by spitting on food provided to Plaintiff.  See id. at 3.  The Court also determined that Plaintiff's allegations against Defendant Pickett fail to state a claim.  See id.  As to Defendant Pickett, the Court stated:

. . .Plaintiff has not, however, stated a cognizable claim against Defendant Pickett based on processing of his inmate grievance.

Prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.   Numerous district courts in this circuit have reached the same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

ECF No. 10, pg. 3.

Plaintiff was provided an opportunity to amend and told that, if he chose not to do so within 30 days of the date of the Court's order, the action would proceed on the original complaint on Plaintiff's Eighth Amendment claims against Defendants Moss and Mundy only.  See id. at 3-4.  More than 30 days have elapsed, and Plaintiff has not filed a first amended complaint.  The Court now recommends dismissal of Plaintiff's claim against Defendant Pickett.  By separate order, the Court will direct service on Defendants Moss and Mundy.

Based on the foregoing, the undersigned recommends that Defendant Pickett be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 13, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE