1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JANET N. CHEN, State Bar No. 283233
   Supervising Deputy Attorney General
3  JENNIFER BURNS, State Bar No. 312364
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-6393
6   Fax: (916) 324-5205
    E-mail: Jennifer.Burns@doj.ca.gov
7  *Attorneys for Defendants*
   *B. Moss and L. Mundy*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DIANA AKINS,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**B. MOSS; et al.,**<br><br>　　　　　　　　　　Defendants. | 2:21-cv-01317-KJM-DMC-P<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Judge:　　　　The Hon. Dennis M. Cota<br>Trial Date:　　Not Set<br>Action Filed: July 26, 2021 |

## INTRODUCTION

Samuel Asa Wynn (deceased), a former California inmate, filed this action under 42 U.S.C. § 1983. Diana Akins substituted in as Plaintiff on June 24, 2025. This case proceeds on the July 27, 2021, Complaint. (ECF No. 1 (Compl.).) Plaintiff alleges that Defendants Correctional Officers Moss and Mundy were deliberately indifferent to Wynn's health by serving contaminated food on one isolated occasion. Because an isolated claim of contaminated food is insufficient to state a cognizable constitutional claim under the Eighth Amendment, Defendants' motion for judgment on the pleadings should be granted.

///

///

1

Defs.' Mem. P& A. Supp. Mot. for J. on the Pleadings (2:21-cv-01317-KJM-DMC-P)

## FACTUAL ALLEGATIONS

Plaintiff alleges that on February 21, 2021, during the COVID-19 pandemic, Officer Moss spit into a garbage can filled with inmate lunches. (Compl. at 3-4.) Officer Mundy allegedly witnessed Officer Moss spit into the garbage can and "still proceeded to hand [Wynn] and [his cellmate] two lunches that had wet, contaminated substances on them." (*Id.* at 3.) Wynn allegedly confronted Officer Mundy about the contaminated lunches. (*Id.* at 3-4.) Plaintiff alleges that Officer Mundy handed Wynn and his cellmate two more lunches. (*Id.* at 4.) Plaintiff alleges that Wynn stopped eating or accepting food from Officers Mundy and Moss and developed psychosis disorder as a result of this incident. (*Id.*)

## LEGAL STANDARD

Like a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a motion for judgment on the pleadings under Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. A party may move for judgment on the pleadings "[a]fter the pleadings are closed-but early enough not to delay trial." Fed. R. Civ. P. 12(c). In assessing a motion for judgment on the pleadings, a court must "accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (cleaned up). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* "Rule 12(c) is functionally identical to Rule 12(b)(6) and [] the same standard of review applies to motions under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (cleaned up).

## ARGUMENT

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). However, not every injury that a prisoner sustains while in prison represents a constitutional violation. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Indeed, the Constitution does not mandate comfortable prisons. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Extreme deprivations are [therefore] required to make out a conditions-of-confinement

2

Defs.' Mem. P& A. Supp. Mot. for J. on the Pleadings  (2:21-cv-01317-KJM-DMC-P)

claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

"The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Johnson*, 217 F.3d at 731 (cleaned up). With respect to food, the "Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). "The fact that food occasionally contains foreign objects . . . while unpleasant, does not amount to a constitutional deprivation." *Id.* (cleaned up).

For purposes of this motion, Defendants do not dispute any material facts alleged in the Complaint. Plaintiff alleges nothing more than an isolated incident of food allegedly contaminated with a foreign object—spit—on February 21, 2021, when the COVID-19 pandemic was ongoing. (Compl. at 3-4.) This is insufficient to state a cognizable constitutional claim under the Eighth Amendment. *See e.g., LeMaire*, 12 F.3d at 1456; *Islam v. Jackson*, 782 F. Supp. 1111, 1114-15 (E.D. Va. 1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning); *Willard v. Cal. Dep't of Corr. & Rehab.*, No. 19cv1074-AWI-SAB (PC), 2019 U.S. Dist. LEXIS 188512, at *22 (E.D. Cal. Oct. 29, 2019) (isolated and sporadic claims of contaminated food insufficient to state a claim under the Eighth Amendment); *Johnson v. Dickinson*, No. CV 14-3390-VBF (SP), 2017 U.S. Dist. LEXIS 236182, at *27 (C.D. Cal. Mar. 30, 2017) (single, isolated occurrence, in which plaintiff neither ate the food nor suffered injury from it insufficient to state Eighth Amendment claim); *Bennett v. Misner*, No. Civ 02-1662-HA, 2004 U.S. Dist. LEXIS 19568, at *63 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation.").

///

3

Defs.' Mem. P& A. Supp. Mot. for J. on the Pleadings  (2:21-cv-01317-KJM-DMC-P)

   The existence of the COVID-19 pandemic does not alter this analysis because the pandemic did not make the alleged deprivation more serious. In other words, even though the pandemic was ongoing on February 21, 2021, there was still only one isolated and short-term deprivation of lunch. (Compl. at 3-4.) In fact, Plaintiff alleges that Wynn received a second lunch after complaining about the lunch allegedly contaminated with spit. (*Id.*)

   This Court has already found the facts alleged by Plaintiff are insufficient to state a cognizable claim under the Eighth Amendment. In *Martinez v. Mundy*, Case No. 2:21-cv-01872-DAD-DMC (E.D. Cal.), Wynn's cellmate—Martinez—asserted an Eighth Amendment claim arising from the same February 21, 2021, incident. *See Martinez v. Mundy*, No. 2:21-cv-01872-DAD-DMC at ECF No. 21 at 2 (quoting ECF No. 10, at 2). In the *Martinez* case, Officer Mundy moved to dismiss Martinez's claim on the grounds that a single instance of being served contaminated food was insufficient to state a deliberate indifference claim under the Eighth Amendment and that the COVID-19 pandemic was irrelevant. *Id.* at ECF Nos. 31, 40. This Court granted Officer Mundy's motion, noting that "[r]egardless of the global pandemic, plaintiff alleges only a single, isolated occurrence of being served contaminated food, and . . . that single alleged incident is insufficient to state a cognizable Eighth Amendment deliberate indifference claim." *Id.* at ECF No. 41 at 2.

   Because there is no issue of material fact in dispute and an isolated incident of allegedly contaminated food is insufficient to state an Eighth Amendment conditions-of-confinement claim, Defendants are entitled to judgment as a matter of law. *See Fleming*, 581 F.3d at 925 ("Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.").

/ / /

/ / /

/ / /

4

Defs.' Mem. P& A. Supp. Mot. for J. on the Pleadings  (2:21-cv-01317-KJM-DMC-P)

## CONCLUSION

The Court should grant Defendants' motion for judgment on the pleadings because an isolated incident of allegedly contaminated food is insufficient to state an Eighth Amendment conditions-of-confinement claim.

Dated:  June 25, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　Rob Bonta
　　　　　　　　　　　　　　　　　　　　Attorney General of California
　　　　　　　　　　　　　　　　　　　　Janet N. Chen
　　　　　　　　　　　　　　　　　　　　Supervising Deputy Attorney General

　　　　　　　　　　　　　　　　　　　　*/s/ Jennifer Burns*

　　　　　　　　　　　　　　　　　　　　Jennifer Burns
　　　　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　　*B. Moss and L. Mundy*

SA2021802392
38997119.docx

5

Defs.' Mem. P& A. Supp. Mot. for J. on the Pleadings  (2:21-cv-01317-KJM-DMC-P)